PRINCE ALBERT, The (BENARY v.). See Case No. 11,426.

---

## Case No. 11,427.

### The PRINCE EDWARD.

[4 Woods, 17.] [1]

Circuit Court, D. Louisiana.    Nov. Term, 1879.

COLLISION—STEAM AND SAIL—BURDEN OF PROOF.

On a clear moonlight night, a steamer and sailing vessel, running in opposite directions on a river between half a mile and a mile wide, collided with each other; the two boats having been in plain sight of each other immediately before the collision, while running a distance of about four miles. *Held*, that these facts put the burden of proof on the steamer to show that she was not in fault.

[Appeal from the district court of the United States for the district of Louisiana.]

In admiralty.

G. H. Braughn, Geo. H. Buck, C. F. Dinkelspiel, and J. Ward Gurley, Jr., for libelant.

C. B. Singleton and R. H. Browne, for claimant.

WOODS, Circuit Justice. The suit is brought to recover damages sustained by the schooner Sargent S. Day, by reason of a collision between her and the iron steamer Prince Edward. The collision took place on the Mississippi river, about fifty-eight miles below the city of New Orleans, on February 1, 1876, at about the hour of 9 o'clock p. m. The schooner, which was of eighty tons burden, was descending the river and the steamer was ascending. The night was clear and the moon was shining brightly. The two boats were in plain sight of each other before the collision, while running a distance of three and a half or four miles. The river was between a half a mile and a mile wide at the place of collision, and there was a straight stretch of several miles. It was the duty of the steamer to keep out of the way of the sailing vessel. The fact that there was a collision under these circumstances puts the burden of proof on the steamer to show that she was not in fault.

There is some conflict of evidence, but the clear preponderance of testimony appears to me to sustain the claim of the schooner that she kept her course, and that she did not change it until the last moment, when the collision was imminent, and a change was absolutely necessary to keep her from being run down by the steamer. Entertaining this view, I must hold that a decree should be

rendered for libelant for the damage sustained by the schooner. This is pretty well settled by the evidence and the report of the master to be $845.40. There will be a decree for that amount in favor of libelant, with interest from judicial demand, and costs.